Rudy Velasquez
58 Lobos Street
San Francisco, CA 94112

(415) 239-4539

Plaintiff in:
Propia Persona

IN THE UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY VELASQUEZ,<br><br>Plaintiff,<br><br>Vs<br><br>CHRYSLER FINANCIAL CORPORATION<br><br>Defendant. | CV 08 1212<br>CIVIL ACTION FILE No.<br><br>**BREACH OF CONTRACT; DISCRIMINATION AGAINST THE HANDICAPPED; MISREPRESENTATION; DAMAGES; ILLEGAL ENRICHMENT ON PLAINTIFF'S EXPENSE**<br><br>**JURY TRIAL DEMANDED** |

I.    **INTRODUCTION**

1.    Plaintiff Rudy Velasquez is an individual with severe disabilities on his locomotive lower body aiding himself with crutches to ambulate, and highly depending on his car to transport himself on a mandatory daily basis.    His schedule working hours from 6:30 pm to 3:00 am mandatorily mandates him to have his own vehicle on the absence of public transportation at that time of the early morning.    In addition, the difficulties and dangerous for a handicapped person such as the plaintiff to ride a city's bus, and which as a matter of fact,

1

Plaintiff has not ride the public transportation since 1980 on a daily basis. In a very rare occasion, Mr. Velasquez ride a public transportation bus after 1980, and found that he lost abilities to hold on in a moving coach, further he felt like falling down at the time to ride off the coach and afraid to suffer physical injury if a fall occurs.

2. On December 18, 2007, Defendant erroneously took Plaintiff's 2004 PT Cruiser car without his permission and without a good reason, leaving him so frustrated, damaged and desperately in terms of no transportation was available to him and practically paralyzing and disrupting his daily life. Like all human beings, Plaintiff needs "family relations, social contacts, work options, economic independence, educational advancement and cultural enrichment." *Olmstead v. L.C., 527 U.S. 581, 600 (1999)*. The U.S. Supreme Court affirmed the mandates in Olmstead, finding that "unjustified institutional isolation of persons with disabilities is a form of discrimination."

3. Defendant furthermore, violated the mandates of a federal fair lending act by providing distant treatment to Plaintiff to the rest of the consumers.

## II.   JURISDICTION AND VENUE

4. This action for declaratory and injunctive relief to enforce the rights of the Plaintiff that was discriminated against by Defendant and unfairly damaged by a capricious Defendant such as Chrysler Financial Corporation.

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Vanue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b).

6. Declaratory relief is authorized by 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Injunctive relief is authorized by 28 U.S.C. § 2202 and Rule 65 of the Federal Rules of Civil Procedure. Plaintiff will submit more jurisdictional issues on an amendment if appropriate to any party if dissatisfaction occurs with the above cited mandates.

### III.  THE PARTIES

a)  The name of Defendant

7. Defendant Chrysler Financial Corporation, 1000 Chrysler Dr., Auburn Hills, Michigan 48326 is been sued in its capacity, at all times knows as "Chrysler Financial". Defendant is the financer of Plaintiff's 2004 PT Cruiser car that was illegally taken by it from Plaintiff's drive way on December 18, 2007. Defendant's agent for service of process is C.T. Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

b)  The Name of the Plaintiff

8. Plaintiff Rudy Velasquez, age 59, has diagnosis of Poliomyelitis resulting with sever locomotive dysfunction on his lower body aiding himself with crutches to ambulate, and at all times be known as "Mr. Velasquez".

9. Mr. Velasquez is independent and so much depending of his car in order to carry out his normal life on a daily basis.

10. Mr. Velasquez resides at 58 Lobos Street, San Francisco, California 94112.

3

## IV. STATEMENT OF THE CASE

(The Integration Mandates of the American with Disabilities Act)

11. In 1990, Congress enacted the American with Disabilities Act, 42 U.S.C. §§ 12101 – 12181, to advance the civil rights of people with disabilities.

12. The ADA's purpose and goal is "the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 1210(b)(1).

13. In enacting the ADA, Congress stated that "historically, society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination "continue to be a serious and pervasive social problem." 42 U.S.C. § 12101(a)(2).

14. Congress further determined that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic sufficiency for such individuals." 42 U.S.C. § 12101(a)(8).

15. Defendant Chrysler Financial breached its obligation with the Plaintiff involving a car purchased by Plaintiff in monthly installments in the amount of $ 291.13 which Plaintiff at all times complied with his obligations on the payments.

16. Accordingly Defendant closed its mail box where it received the payments and caused the U.S. Postal Service to return Plaintiff's payments and marked them with the payments inside as **return to sender**. However, Defendant failed to instruct the Plaintiff of its new address in order for the Plaintiff to submit payments on to the right place.

17. On December 17. 2007, Defendant recognized its fault by accepting that it closed its mail box and it failed to notify the Plaintiff.   Further, Defendant requested and agreed by Plaintiff to submit a single payment in the amount of $ 1,164.52 equal the amount of four payments Post Office returned to Plaintiff and marked them as return to sender and Defendant

4

ensured the Plaintiff that due to its fault the repossession intent was not longer active by it to be exhausted.

18. On December 18, 2007, Defendant removed Plaintiff's car illegally from his drive way and it sold it on January 24, 2008 in an undisclosed amount to the Plaintiff.

## V.    LEGAL CLAIMS

Defendant violated the Plaintiff's rights cited on American with Disabilities act; Federal Fair Lending Act; and all Clauses of Handicapped Discrimination Issues Prohibited by the Federal Government.

19. Plaintiff is a qualified individual with severe disabilities within the meaning of the ADA, 42 U.S.C. § 1213(2).

20. The following legal issues are to be resolved:

1) Defendant failed to submit its new address where payments should be sent after the closing of its mail box with the U.S. Postal Service: **Chrysler Financial, P. O. Box 79409, City of Industry, California 91716-9409.**

2) Defendant failed to return large amount of personal items belonging to the Plaintiff and on which obtained them illegally from the Plaintiff and presently in Defendant's possession, however the items above cited has very high value for the Plaintiff.

3) All discrimination issues performed by Defendant against the Plaintiff.

## VI.    BREACH OF CONTRACT
(First Cause of Action)

21. Plaintiff Rudy Velasquez realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff at all times has complied with his obligations submitting car payments on time to Defendant Chrysler Financial involving his P.T. Cruiser 2004 car purchased by Plaintiff from

5

Defendant on monthly installments of $ 291.13.  Plaintiff continues suffering for the breach of contract broke by Defendant involving his 2004 P.T. Cruiser car that left him with severe financial, physical emotionally damaged by the removal of the car by Defendant without his authorization and sell it illegally to a third party.

### VII.  DISCRIMINATION
(Second Cause of Action)

CLEAR AND CONVENCING DISCRMINATION AGAINST THE PLAINTIFF BY DEFENDANT CHRYSLER FINANCIAL

23.  Plaintiff Rudy Velasquez realleges paragraphs 1 through 22 as though fully set forth her herein.

24.  On 2004, Plaintiff purchased a 2004 PT Cruiser car on monthly installments of $ 291.13 on which he submitted the subjected payments on time.

25.  On December 18, 2007, Defendant removed Plaintiff's car from his drive way without his authorization and sold it to a third party.  From December 18, 2007 to the present, Defendant illegally, abusively and without federal approval removed Plaintiff's privilege placed on his handicap placard hanging up on the windshield of his car that illegally was removed by Defendant from Plaintiff.  In addition, Defendant removed Plaintiff's car disregarding that the car is adjusted for a handicapped person that mandatorily required different approaches and considerations than the no handicap individuals.

26.  Defendant has forced the Plaintiff to purchase an unnecessary vehicle in order for him to comply with his employer and to go forward with his normal life, unfortunately, he is suffering

6

and continue to suffer harm and damage from Defendant until remedy is applied due to the removal of his handicapped placard and now days still it is in Defendant's possession illegally.

27.    Defendant discriminated totally against the Plaintiff by illegally removing his handicapped placard from him, ignoring the issue that Plaintiff's car is especially adjusted for a handicapped person, and totally disregarding the burden Plaintiff carried out by the discrimination performed by the Defendant against him.

### VIII.  MISREPRESENTATION AND DECEIVE
(Third Cause of Action)

28.    Plaintiff Rudy Velasquez realleges paragraphs 1 through 27 as though fully set forth herein.

29.    On December 17, 2007, Plaintiff phoned the Defendant at this time using the Spanish option due to in the past; Plaintiff was ignored by Defendant on his attempt to solve the problem.

30.    Plaintiff complaint to Defendant's representative about a notice of repossession received involving his 2004 P.T. Cruiser.  Defendant's representative accused the Plaintiff of failing to submit car payments from **September, October, November and December 2007**.  However, Plaintiff complaint addressing that Defendant failed to submit its new address in order for him to submit the car payments, and its failure to submit its new address caused the U.S. Postal Service to return Plaintiff's letters sent to Defendant.    Plaintiff Complaint to Defendant's representative that the car payments envelopes has been returned by the Postal Service to him and marking them as [return to sender].    After the verification of the address originally provided by

7

Defendant to Plaintiff to submit car payments (Chrysler Financial, P. O. Box 79409, City of Industry, CA 91716-9409) has been closed by Defendant and [**without**] notification to Plaintiff. By the recognition and acceptance of Defendant's representative that Plaintiff was [not] at fault, she agreed with the Plaintiff, for the Plaintiff to submit and Defendant to receive a single payment in the amount of $ 1,164.52 equal to the four months payments returned by the Postal Service, and on which Plaintiff complied.

31.   Defendant's representative has misrepresented herself and the Defendant by assurance the Plaintiff that with $1,164.52 his car wouldn't be reposed by Chrysler Financial, and accordingly the repossession intention was not longer a valid intent to perform by Defendant, however, Defendant deceived the Plaintiff by making him to believe that with one single payment his car wouldn't be repossessed and the problem would of be solved.   Further Defendant's representative provided to Plaintiff the new address where to send the car payments after December 17, 2007 (Chrysler Financial, P. O. Box 2993, Milwaukee, WI 53201).

1.) See Exhibit No. 1 a copy of the car payments returned by the Postal Service, attached to this complaint and it become part of the record.

2)   See Exhibit No. 2, a copy of a coupon showing the address where Plaintiff sent car payments since he purchase the car until Defendant close the mail box without notifying the him. The exhibit becomes to be part of the record.

3)   See Exhibit No. 3, a copy of the check sent by Plaintiff to Defendant to cover the four months of payments returned by the Postal Service.   The exhibit becomes to be part of the record.

### IX.   DAMAGE
(Fourth Cause of Action)

32.   Plaintiff Rudy Velasquez realleges paragraphs 1 through 31 as though fully set forth herein.

8

33.     Plaintiff suffered and continues to suffer unnecessary damage caused by Defendant by repossessing his car without a good reason and until a remedy is applied to this complaint Plaintiff is devastated.   Defendant failed and refused to instruct the Plaintiff where to send the car payments by completely ignoring Plaintiff's request.   Accordingly, Defendant close the P. O. Box it has with the Postal Service where originally received payments from the Plaintiff.   By Defendant's action to close its mail box where originally Defendant received the car payments from Plaintiff, on top of that, its refusal to provide its new address where to receive payments caused the U.S. Postal Service to return to Plaintiff the letters address to the Defendant.   See **Exhibit No. 1**   The evidences attached to this complaint speak by themselves, that Plaintiff was [not] at fault on anyhow in regard defaulting payments, Defendant [was] at fault refusing to provide its new address to Plaintiff in order for both parties one to send and the other to receive correspondence, therefore, Defendant abusively damaged the Plaintiff by forcing him to take a taxi cab most of the days, to buy another vehicle and spend unnecessary money.

34.     In Plaintiff's repossessed car, there were numerous items belonging to Plaintiff and with very high value which Defendant refused to return those items upon a phone request from and to the Plaintiff.   Plaintiff gave to Defendant a reasonable time to place his car at the place it was taken abusively which Defendant ignored the Plaintiff completely.   The following items must be returned to Plaintiff immediately, or in the alternative, Defendant  must pay for those items:

1)     Plaintiff's handicapped placard $ 5,000.00.

2)     A yellow piece of cloth (fabric) 12 inches by 12 inches that Plaintiff's deceased mother used one day before she died, and Plaintiff kept it in the car as the last partial remains of his love mother.   There isn't any way to calculate the value in the market, because this is not a item that you can go en purchase in the store, but a monetary value should be assign to it, Plaintiff considers that $500.000.00 should be awarded to him for this item.

3)   In the car there is a female hat that belonged to Plaintiff's deceased mother, Plaintiff assigned a value to it in the amount of $ 50,000.00, because you can find hundreds of hats, but none of them belonged to a deceased love person.

4)   In the car there is the last pillow Plaintiff's mother used every time she uses the subjected car, and she ride the car most of the days.   Plaintiff assigned a value to it in the amount of $50,000.00

5)   In the car there is a blanket mostly black used by Plaintiff's deceased mother, Plaintiff assigned the value in the amount of $ 50,000.00

6)   Plaintiff paid to the Defendant the amount of $291.13 per month since June 2004 equal to 44 months as of the filing of this complaint totaling $12,809.72.

7)   In the car there are numerous tools belonging to the Plaintiff in the amount of $1,000.00.

8)   In the car there is a cd collectable and tapes collection belonging to the plaintiff in the amount of $1,000.00 should be awarded to him.

9)   In the car there is handicapped driving adjustment equipment in the amount of $1,000.00 this amount should be awarded to him.

10)  In the car there is $ 500.00 bills hidden in the jack compartment, Plaintiff kept that money if emergency occurs abroad his home and got him by surprise.

11)  In the car there is a blanket mostly red belonging to Plaintiff, the value of this blanket in the market is $ 200.00; this amount should be awarded to him.

**ILLEGAL ENRICHMENT ON PLAINTIFF'S EXPENSE**
(Fifth Cause of Action)

35.   Plaintiff Rudy Velasquez realleges paragraphs 1 through 34 as though fully set forth herein.

36.   Defendant repossessed his car and sold it to a third party in undisclosed amount to Plaintiff. Plaintiff has more interest in the subjected car than Defendant.   Defendant has small interest in the car due to Plaintiff paid almost four years of car payments approximately 75% of the total value of the vehicle.

10

37. With the car payments paid by Plaintiff to Defendant in the amount of $ 12,809.72 plus the undisclosed amount received by Defendant, and the intention to collect $ 4,553.71, made everybody to believe that Defendant found a gold mine from the Plaintiff, therefore, is clear that Defendant Chrysler Financial enriched itself to Plaintiff's expense.

## XI.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that the Court enter a judgment on his behalf:

a) That the Court issues a judgment on Plaintiff Rodolfo Velasquez' behalf in the amount of $721,509.72 and against Defendant Chrysler Financial.

b) That Plaintiff be awarded $ 100.000.00 to mitigate the pain and suffering caused by the burden Defendant placed on him.

c) That Plaintiff be awarded his costs of this action, and

d) That Plaintiff has such other relief as the Court may deem just and proper.

Dated: February 27, 2008

Respectfully Submitted

*Rudy Velas* [signature]

Rudy Velasquez
In Propia:
Persona

11

# Exhibit No. 1

Robert Nelson
58 Lobos ST
S. Fco, CA
94112



Chrysler Financial
P.O. Box 79907
City

CHRY409*X 917 N4C 1 808C 21 09/25/07
FORWARD TIME EXP RTN TO SEND
: CHRYSLER FINANCIAL
PO BOX 2993
MILWAUKEE WI 53201-2993

RETURN TO SENDER





Rodolfo Velasquez
58 Lobos Street
San Francisco, CA 94112

Chrysler Financial
P. O. Box 79409
City of Industry, CA 91716-9409

FORWARD TIME EXP RTN TO SEND
CHRYSLER FINANCIAL
PO BOX 2993
MILWAUKEE WI 53201-2993

RETURN TO SENDER

Rodolfo Velasquez
58 Lobos Street
San Francisco, CA 94112

Chysler Finnancial
P.O. 79409
City of Indust

94112@0020

FORWARD TIME EXP RTN TO SEND
: CHRYSLER FINANCIAL
PO BOX 2993
MILWAUKEE WI 53201-2993

X 917 N5E 1 8050 70 11/09/07

RETURN TO SENDER

# Exhibit No. 2

# Chrysler Financial

Dear valued customer,

The 2006 Signature Series includes five exceptional Chrysler vehicles that feature Walter P. Chrysler badging, luxurious two-tone leather-trimmed interiors and popular, and "no extra charge" equipment. The Chrysler 300, Town & Country, Pacifica, PT Cruiser and Sebring Sedan comprise this special, limited-edition collection.

See your local Chrysler retailer or visit chrysler.com for more information.

## The 2006 Signature Series



300 • PT Cruiser • Pacifica • Town & Country • Sebring

## Your Account Overview

| | |
|---|---|
| Account Number | 1013127974 |
| Vehicle Description | 2004 CHRYSLER PT CRUISER |
| Vehicle Identification Number | 3C4FY48B14T285221 |
| Statement Date | 10/21/2005 |
| Statement Number | 17 of 72 |
| Payoff Amount* | $13,334.08 |

*Payoff Amount as of statement date. See reverse for details.

## Your Account Activity

| Date | Description of Activity | Amount |
|---|---|---|
| 10/12/2005 | Payment Received - Thank You | $291.13 |
| 11/09/2005 | Current Amount Due | $291.13 |
| **11/09/2005** | **Total Amount Due** | **$291.13** |

Payments received after statement date are not reflected.

## Chrysler PGA Tour

Plan now to attend the Chrysler Championship at the Westin Innisbrook in Tampa, Florida on October 24 - 30, 2005. While at the resort, make sure to swing by and support golfers at the Chrysler Club Championship National Finals. For more information, visit chrysler.com/clubchampionship.

We'll be seeing you there!

Chrysler Financial is a member of the DaimlerChrysler Services Group.   Keep ↑

## Contact Us

**Web Address**  chryslerfinancial.com
Visit us online to review your account, make your payment or update your personal information.

**Customer Service Center**  1-800-456-8103
Hours of Operation  Mon - Fri 7 am til 10 pm (ET)
Sat 8 am til 6 pm (ET)

**Payment Mailing Address**  P O BOX 79409
CITY OF INDUSTRY, CA 91716-9409

35

**Exhibit No. 3**



Bank of America | Online Banking | Account Details | Transaction Register Print          Page 2 of 3

