1

1  Rodolfo Velasquez
2  58 Lobos Street
   San Francisco, CA 94112
3
4  (415) 239-4539

5  Plaintiff in:
6  Propia Persona

7
8              IN THE UNITED STATES DISTRICT COURT FOR
9              THE NORTHERN DISTRICT OF CALIFORNIA
10
11

12  RODOLFO VELASQUEZ,                    No. C-08-01212-MMC

13              Plaintiff,                PLAINTIFF'S OPPOSITION TO DEFENDANT'S
14                                        MOTION TO DIMSS FOR LACK OF SUBJECT
15  Vs                                    MATTER JURISDICTION AND FOR FAILURE
                                          TO STATE A CLAIM UPON WHICH RELIEF
16                                        CAN BE GRANTED.
17  CHRYSLER FINANCIAL
                                          Dated: May 23, 2008
18              Defendant.                Time: 9:00 am
19                                        Courtroom: 7. 19th Floor

20
                        I.    INTRODUCTION
21

22      The origination of Plaintiff's complaint arises from his Chapter 13 Bankruptcy

23  protection, case No. 05-35378-DM where Defendant Chrysler is a creditor to the Plaintiff, and

24  therefore, there isn't any doubt that this Court has full jurisdiction over the case. **(See Exhibit**

25  **No. 1)** Also, Plaintiff's complaint arises from the illegal repossession of his 2004 P T. Cruiser

26

27  car by Defendant Chrysler Financial.

28

## II.    FACTUAL ALLEGATIONS

Rodolfo Velasquez filed for Bankruptcy Chapter 13 Protection case No. 05-35378-DM and Chrysler Financial is listed as a creditor to Velasquez. **See Exhibit No. 1**

After dismissal from the BAP, Rodolfo Velasquez filed a notice of appeal on November 6, 2006, and now the appeal is pending before the U.S. Court of Appeals, Appeal No. 06-17203.

On 2004, Velasquez purchased a car on installments from Chrysler and it assigned the payments to Chrysler Financial Corporation in the amount of $ 391.13 monthly.

On dates September 23, 2007, October 14, 2007 and November 9, 2007, the United States Postal Service returned the car payments mailed to Chrysler Financial, P. O. Box 79409, City of Industry, CA 91716-9409 to Plaintiff.

On December 17, 2007, Chrysler Financial informed Velasquez, that it closed its P. O. Box 79409 held within the U.S. Postal Service.    On same day, December 17, 2007, Chrysler agreed with Velasquez on a single payment in the amount of $ 1,164.52 equal to the payments returned by the Postal Service and at same time, Chrysler assumed that was its fault not providing the new address where the Plaintiff could send the subjected car payments.

On December 18, 2007 one day after the agreement between the two parties, Chrysler took Velasquez' car without his permission, and disregarding that inside the car there is a high value of property belonging to Velasquez' estate.    Velasquez exhaustively demanded to Chrysler to return his property kept inside the car, however, Chrysler disregarded Velasquez' demand, and as of today date, the property is in Chrysler possession, however it refused to turn in said property to the Plaintiff.

**Plaintiff's Opposition to Defendant's Motion to Dismiss**

1    On April 18, 2007, Velasquez phoned the counsel of record Mr. Byron J. Bahr

2    demanding his property illegally held by his client Chrysler should be returned to him; however,

3    Mr. Bahr informed Mr. Velasquez that he needs to request that in writing, which Velasquez did.

4    **See Exhibit No. 2**

5

6

7    **III.     DEBTOR R0ODOLFO VELASQUEZ IS COVER BY THE PROVISIONS OF**
8    **STAY OF ACTION PURSUANT TO RULE 8 OF THE U.S. COURT OF**
     **APPEALS AND 11 U.S.C. § 362**
9

10    On November 6, 2006, Velasquez filed a notice of appeal before the U.S. Court of

11    Appeals, and now the appeal is pending.

12    The Court should deny Defendant's motion to dismiss.    This Court has

13

14    jurisdiction to hear this case pursuant to 11 U.S.C. § 362 and 28 U.S. C. § 1334(a): " Except as

15    provided in subsection (b) of this section, the district courts shall have original and exclusive

16    jurisdiction of all cases under title 11."    See "11 USCS § 362 should be read to stay all appeals

17    in proceedings that were originally brought against debtor, regardless of whether debtor is

18    appellant or appellee; thus whether case is subject to automatic stay must be determined at its

19    inception; that determination should not change depending on particular stage of litigation at
20
     which filing of bankruptcy occurs; since appeal arises out....brought against debtor, it is subject
21
22    to automatic stay imposed by 11 USCS § 362."    *Ass'n of St. Croix Condominium Owners v. St.*

23    *Croix Hotel Corp. (1982) CA3 VI) 682 F2d 446, 9 BCD 462, 7 CBC2d 137.*

24
      "Automatic stay applies to appeal of action originally brought against debtor even though
25
26    debtor now prosecutes appeal." See *Ingersoll-Rand Financial Corp. v. Miller Mining Co. (1987,*

27    *CA9 Cal) 817 F2d 1424, CCH Bankr L. Rptr ¶ 71843, 3 UCCRS2d 1632.*

28

1    California courts are wrong forums to litigate this matter, therefore, Defendant's motion

2    to dismiss should be denied. "State Supreme Court's grant of reargument was rendered in

3    violation of automatic stay because, once petition for bankruptcy was filed by debtor defendant,

4    state court was deprived of power and jurisdiction to continue with appellate proceedings;

5    therefore, Younger abstention principles are inapplicable..." See *In re Highway Truck Drivers*

6    *& Helpers Local Union No. 107 (1989, CA3 Pa) 888 F2d 293, 19 BCD 1666, 21 CBC2d 1133,*

7    *132 BNA LRRM 2974.*

8

9

10

11   **IV.    CHRYSLER FINANCIAL SHOULD BE FOUND IN CONTEMPT OF BANKRUPTCY COURT'S PROVISIONS**

12       After the illegal repossession of his 2004 P.T. Crosier by Defendant Chrysler, it refused

13   to return the car to Velasquez and disregarded his exhaustive demand that the car should be

14   returned to him. In addition, the car is full of Velasquez' property that is included in his Chapter

15   13 protection and Chrysler refused to return the property to Velasquez as well. The property

16   illegally hold by Chrysler from Velasquez amounts an amount exceeding $ 500.000.00 half

17   million of dollars. See "Where credit union violated automatic stay of 11 USCS § 362 by

18   threatening foreclosure on debtors' family home in order to extract reaffirmation for separate,

19   dischargeable, unsecured debts, credit union was enjoined from foreclosure and from

20   withholding consent on reaffirmation agreement, unlawful portion of agreement was stricken,

21   and reasonable attorneys' fees and expenses were awarded to debtors...." *Jamo v. Katahdin Fed*

22   *Credit Union, (In re Jamo) (2000, BC DC Me) 253 BR 115, affd (2001, BAP1) 262 BR 159, 46*

23   *CBC2d 880, revd, remanded (2002, CA1) 283 F3d 392, 39 BCD 86, 48 CBC2d 70.*

24

25

26

27

28   **Plaintiff's Opposition to Defendant's Motion to Dismiss**

1

## V.    CONCLUDION

2
3
4       For the foregoing reasons above cited, Defendant's motion to dismiss Plaintiff's

complaint for lack of subject matter jurisdiction should be denied.   The Court has exclusive

5    jurisdiction to hear any case related to a bankruptcy proceedings.   Also, the Court should order

6    the Plaintiff to amend his compliant if a deficiency is observed.   Defendant Chrysler Financial

7    should be found in contempt of the Bankruptcy Court's rules because it intends to steal

8    Velasquez' property exceeding over a half million Dollars.

9

10   Dated: April 22, 2008

11

12                                                                Rodolfo Velasquez

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   **Plaintiff's Opposition to Defendant's Motion to Dismiss**

# Exhibit No. 1

Form B6D
(10/05)

In re **Rodolfo Velásquez** ,     Case No. **05-35378-DM-13**
            Debtor                                 (If known)

## SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 008719212<br><br>Countrywide<br>P. O. Box 10219<br>Van Nuys, CA 91410 | | | 03-20-1995;<br><br>58 Lobos St<br>S. Frco, CA<br>VALUE $ 700.000. | | X | | 137,343.70 | .00 |
| ACCOUNT NO. 1765208319<br><br>Chase Home F.<br>P. O. Box 78420<br>Phoenex, AZ 85062 | | | 05-20-2002;<br><br>426 Idora Av.<br>Vallejo, CA<br>VALUE $ 450,000. | | X | | 168,755.37 | .00 |
| ACCOUNT NO. 68240101823599<br><br>Bank of America<br>P. O. Box 21848<br>Greensboro, NC 27420 | | | 10-15-2002;<br><br>426 Idora Av.<br>Vallejo, CA<br>VALUE $ 450,000. | | X | | 77,900.00 | .00 |
| ACCOUNT NO. 1013127974<br><br>Chrysler<br>P. O. Box 79409<br>City of Ind. CA 91716 | | | 06-10-2004<br><br>Car<br>P.T. Crusier<br>VALUE $ 15,000. | | | | 13,134.12 | .00 |
| _____ continuation sheets attached | | | Subtotal ▶<br>(Total of this page) | | | $ | 397,133.19 | |
| | | | Total ▶<br>(Use only on last page) | | | $ | 397,133.19 | |

(Report total also on Summary of Schedules)

# Exhibit No. 2

April 18, 2008

Byron J. Bahr
Cooksy, Toolen, Gage, Duffy & Woog
535 Anton Boulevard, Tenth Floor
Costa Mesa, Ca 92626-1977

Dear Mr. Bahr:                    RE: No. C-08-01212-MMC

After so many demands placed onto your client Chrysler to return my car and the
property located inside my car P. T. Cruiser 2004, which your client took it without my
permission from my driveway, however, at this time your client refused to return the car and the
property located inside.    And one more time, you must return my property that was inside my
car that your client took without my permission.    The property included:

1) A blanket mostly black
2) A female hat, made out of canvas.
3) A pillow
4) And a piece of fabric approximately an square foot
5) Tools
6) Second blanket mostly red
7) Handicapped placard.
8) Time Card and Employment Badge. Etc.

If you want the amount of claim in my complaint be reduced, then, you must return the
above cited property; otherwise, your client's action is equal of stealing, or assaulting me for my
own property. Please be advised, that this letter will serve as evidence on future proceedings.

If you have any questions in regard this letter, must call me at: (415) 239-4539.

Very Truly Yours

Rodolfo Velasquez

PROOF OF SERVICE BY MAIL

I'm over the age of eighteen years of age and not party to the within entitle action; I live at 62 Lobos Street, San Francisco, California 94112.

On April 22, 2008 I served the following documents:

Plaintiff's opposition to Defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted;

Plaintiff's declaration in opposition to defendant's motion to dismiss for lack of subject matter jurisdiction;

A letter dated April 18, 2008 addressed to Byron J. Bahr from Rodolfo Velasquez

I affixed sufficient U.S. Postage to an envelope and I mailed to:

Byron J. Bahr
Cooksey, Toolen, Gage, duffy & woog
535 Anton Boulevard, tenth Floor
Costa Mesa, CA 92626-1977

I declare under penalty of perjury and accordingly to the best of my knowledge, that the foregoing is true and correct executed on April 22, 2008.

Salvador Velasquez