1 | BYRON J. BAHR, SBN 132019
2 | RANDY MROCZYNSKI, SBN 156784
COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
A PROFESSIONAL CORPORATION
3 | 535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977
4 | Telephone: (714) 431-1100
Facsimile: (714) 431-1119
5 | E-mail: bbahr@cookseylaw.com
Attorneys for Defendant
6 | DaimlerChrysler Financial Services Americas LLC, dba Chrysler Financial

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUDY VELASQUEZ,

    Plaintiff,

v.

CHRYSLER FINANCIAL
CORPORATION,

    Defendant.

Case No.: C 08-01212 MMC

Case assigned to Hon. Maxine M.
Chesney

DAIMLERCHRYSLER FINANCIAL
SERVICES AMERICAS LLC'S
REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS
[Filed concurrently with Request for
Judicial Notice]

Complaint filed: February 29, 2008

Hearing Date: May 23, 2008
Time: 9:00 a.m.
Courtroom: 7, 19th Floor

Plaintiff argues that his previously filed bankruptcy provides this court with subject matter jurisdiction. Plaintiff's argument suffers from a variety of problems including: (1) Plaintiff's Complaint is completely silent regarding his prior bankruptcy filing; and (2) Plaintiff's bankruptcy was previously dismissed and remains dismissed.

Plaintiff's Chapter 13 bankruptcy case was dismissed on April, 10, 2006. A true and correct copy of the Order Granting Motion to Dismiss Chapter 13 Case is attached to the Request for Judicial Notice in Support of Defendant's Reply as Exhibit "A".

1    Plaintiff appealed the dismissal to the United States Bankruptcy Appellate

2  Panel of the Ninth Circuit. A true and correct copy of the Memorandum denying the

3  appeal is attached to the Request for Judicial Notice in Support of Defendant's Reply

4  as Exhibit "B".

5    Thereafter, Plaintiff filed an appeal with the United States Court of Appeal for

6  the Ninth Circuit. A true and correct copy of the Order dismissing Plaintiff's appeal is

7  attached to the Request for Judicial Notice in Support of Defendant's Reply as Exhibit

8  "C".

9    Following the dismissal of his appeal Plaintiff filed a motion for reconsideration

10  which the United States Court of Appeal for the Ninth Circuit construed as a motion

11  to reinstate appeal and, as construed, the motion was granted.

12    It appears from an examination of the court docket that no final decision has

13  been made on the appeal.

14    Plaintiff's bankruptcy was dismissed approximately two years ago.

Dated: May 1, 2008          COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

16

17

18          By: _____

19            RANDY MROCZYNSKI
              Attorneys for Defendant
20            DAIMLERCHRYSLER FINANCIAL
              SERVICES AMERICAS LLC dba
21            CHRYSLER FINANCIAL

22

23

24

25

26

27

28

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

2

**EXHIBIT A**

**April 10, 2006**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1 | **DAVID J. COOK, ESQ. (State Bar # 060859)**
**ROBERT J. PERKISS, ESQ (State Bar # 62386)**

2 | **DEBRA D. LEW, ESQ. (State Bar # 114157)**   Signed and Filed: April 07, 2006
**COOK, PERKISS & LEW**

3 | **A PROFESSIONAL LAW CORPORATION**
333 Pine Street, Suite 300

4 | San Francisco, CA  94104-3381
Mailing Address: P.O. Box 270                 **DENNIS MONTALI**

5 | San Francisco, CA  94104-0270               **U.S. Bankruptcy Judge**
Tel.: (415) 989-4730  Fax: (415) 989-0491

6 | File No. 49,707
cookdavidj@aol.com

7 |

8 | Attorneys for Judgment Creditor
JOSE TELLECHEA, Administrator of the Estate of Juan Jose Tellechea

9 | UNITED STATES BANKRUPTCY COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | SAN FRANCISCO DIVISION

12 |

| | |
|---|---|
| In re ) | CASE NO.  05-35378-DM13 |
| ) | |
| RODOLFO VELASQUEZ, ) | ORDER GRANTING MOTION TO DISMISS |
| ) | CHAPTER 13 OF DEBTOR |
| Debtor. ) | |
| _____ ) | Date:  March 15, 2006 |
| | Time: 1:00 p.m. |
| | Courtroom: 22 |
| | Judge: Dennis Montali |

18 | Said notice of hearing re motion to dismiss Chapter 13 proceeding of RODOLFO

19 | VELASQUEZ having come on regularly for hearing this 15th day of March, 2006 at 1:00 p.m.

20 | before the Honorable Dennis Montali, Judge of the United States Bankruptcy Court, and Debra D.

21 | Lew, Esq., appearing for and on behalf of Judgment Creditor, JOSE TELLECHEA, Administrator

22 | of the Estate of Juan Jose Tellechea, and David Burchard as the Chapter 13 Trustee, and Rodolfo

23 | Velasquez, appearing In Pro Per, and the court having considered the motion to dismiss under

24 | Bkrtcy.C. § 1307©, and having reviewed the record herein, and for the reasons stated on the

25 | record, and for good cause appearing,

26 |

27 | ///                              **EXHIBIT** _A_

28 | ///                              **PAGE** _1_ **OF** _3_

ORDER GRANTING MOTION TO DISMISS CHAPTER 13 OF DEBTOR - CASE NO.  05-35378-DM13          1

1    IT IS HEREBY ORDERED that the Chapter 13 proceeding of RODOLFO VELASQUEZ

2  be and the same is hereby dismissed.

3    Certificate of Service served on April 7, 2006, Docket No. 47.

4    *** END OF ORDER ***

5

6  velasquez.ORD1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    EXHIBIT _____ A _____

27    PAGE _2_ OF _3_

28

ORDER GRANTING MOTION TO DISMISS CHAPTER 13 OF DEBTOR - CASE NO.  05-35378-DM13    2

1

### COURT SERVICE LIST

2

3   RODOLFO VELASQUEZ
    58 Lobos Street
    San Francisco, CA 94112

4

5   RODOLFO VELASQUEZ
    426 Idora Avenue
    Vallejo, CA 94112

6

7   JANET M. BOESSENECKER
    ATTORNEY AT LAW
    220 Montgomery Street, Suite 1500

8   San Francisco, CA 94104-3413

9   JOSE TELECHEA
    c/o ROBERT BARBIERI

10  200 Bay Way
    San Rafael, CA 94901

11

12  DAVID BURCHARD
    CHAPTER 13 TRUSTEE
    393 Vintage Park Drive, Suite 150

13  Foster City, CA 94404

14  U.S. TRUSTEE
    OFFICE OF THE U.S. TRUSTEE

15  235 Pine Street, Suite 700
    San Francisco, CA 94104

16

17

18

19

20

21

22

23

24

25

26

27                              EXHIBIT _____ A _____

28
                                PAGE _3_ OF _3_

**EXHIBIT B**

**FILED**

NOT FOR PUBLICATION

**OCT 25 2006**

HAROLD S. MARENUS, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.  NC-06-1150-SPaBu |
| RODOLFO VELASQUEZ, | ) | Bk. No.  05-35378 |
| Debtor. | ) | |
| _____ | ) | |
| RODOLFO VELASQUEZ, | ) | |
| Appellant, | ) | |
| v. | ) | MEMORANDUM[1] |
| DAVID BURCHARD, Chapter 13 Trustee; JOSE TELLECHEA, Administrator of the Estate of Juan Jose Tellechea, | ) | |
| Appellees. | ) | |

Argued and Submitted on October 18, 2006
at San Francisco, California

Filed - October 25, 2006

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Dennis Montali, Bankruptcy Judge, Presiding.

Before:  SMITH, PAPPAS and BUFFORD,[2] Bankruptcy Judges.

---

    [1] This disposition is not appropriate for publication and may not be cited except when relevant under the doctrine of law of the case or rules of res judicata, including claim preclusion and issue preclusion.  See 9th Cir. BAP Rule 8013-1.

    [2] Hon. Samuel L. Bufford, United States Bankruptcy Judge for the Central District of California, sitting by designation.

EXHIBIT _____𝐵_____

PAGE _/_ OF _//_

1    Following the entry of a judgment against debtor in state

2   court, appellee proceeded to place a judgment lien on debtor's

3   non-exempt real property.  However, before appellee could levy

4   upon the property, debtor filed for chapter 13[3] relief.  Appellee

5   moved for dismissal of the bankruptcy case under § 1307(c) on the

6   basis of bad faith.  The bankruptcy court granted the motion.  A

7   timely notice of appeal was filed on April 12, 2006.  We AFFIRM.

8                         I.   FACTS

9   A.    The State Court Judgment

10    On December 2, 1999, debtor Rodolfo Velasquez ("Debtor") and

11  Alberto Carrillo ("Carrillo") filed a complaint in the Alameda

12  County Superior Court ("state court") against Juan Jose Tellechea

13  ("decedent") seeking reimbursement for $14,150.36 in property

14  taxes they had paid for related to decedent's residence.[4]  The

15  complaint was amended several times and ultimately sought only to

16  quiet title of the residence in Debtor and Carrillo based upon

17  adverse possession.

18    ───────────────────
       [3] Unless otherwise indicated, all chapter, section and rule
19  references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and
     to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as
20  enacted and promulgated pursuant to The Bankruptcy Abuse
     Prevention and Consumer Protection Act of 2005, Pub. L. 109-8,
21  Apr. 20, 2005, 119 Stat. 23.

22    [4] In September 1996, decedent passed away and left his
     estate to his siblings.  Maria Tellechea was appointed as the
23  executor, but opted out and nominated a California resident to
     act for her.  In late 2000, she learned of the nominee's
24  mismanagement of the estate.  This led to Jose Tellechea's
     ("Appellee") appointment as the special administrator of the
25  estate in February 2001.

26    Prior to Appellee's appointment, Carrillo moved into
27  decedent's residence at 1550 Pacific Avenue, San Leandro,
     California, and began to occupy it illegally.  Carrillo and
28  Debtor learned that property taxes were owed on the property,
     which they paid.

                              2

EXHIBIT    B

PAGE  2  OF  11

1    In early 2001, while the quiet title action was pending,

2  Appellee filed an unlawful detainer action against Debtor and

3  Carrillo.  Thereafter, the two cases were consolidated.  The

4  quiet title action was dismissed pursuant to Appellee's

5  demurrer[5], and an unlawful detainer judgment for possession was

6  entered against Carrillo and Debtor.

7    In addition to the quiet title action, Carrillo and Debtor

8  had filed various lawsuits and motions against Appellee including

9  (1) a creditor's claim for $220,000 for the value of the

10  decedent's residence; (2) a will contest; (3) a petition for

11  suspension of powers and removal of administrator; and (4) a

12  motion for reconsideration, consolidation, and leave to file a

13  cross complaint.  The state court either denied or dismissed all

14  of these lawsuits and motions for lack merit.

15    On March 12, 2002, the state court addressed Appellee's

16  request for attorneys' fees and costs incurred in defending

17  against the quiet title action and the various other motions and

18  pleadings filed by Debtor and Carrillo.  Several years earlier,

19  Debtor had been designated a vexatious litigant by another

20  court.[6]  Because he did not notify the state court of the

21  designation or obtain the requisite pre-filing orders before

22    ――――――――――――
     [5] The Court of Appeal affirmed the state court's decision in

23  the quiet title action.  This opinion can be found at Velasquez
     v. Tellechea, 2003 WL 1875462 *1 (Cal. App. 1st Dist. 2003)

24  (unpublished opinion).

25    [6] In 1996, an order was entered in Solano County Superior
     Court which declared Debtor to be a vexatious litigant and

26  required him to obtain a pre-filing order prior to filing any
     pleadings in a California state court.  Debtor successfully moved

27  to set aside the vexatious-litigant order on January 27, 2002;
     however, the Solano County Court subsequently retracted that

28  decision on September 30, 2002.

3

EXHIBIT _____ B_____

PAGE _3_ OF _11_

1   filing any of the lawsuits and motions against Appellee, the
2   state court imposed sanctions against him in the amount of
3   $31,895.[7]  The state court also found Debtor to be a vexatious
4   litigant within the meaning of California Code of Civil Procedure
5   ("C.C.P.") § 391(b)(3).

6       On August 18, 2004, in an effort to set aside the sanctions
7   order and the order dismissing his quiet title action, Debtor
8   filed a complaint in district court requesting that it 1) declare
9   the state court's sanction order a violation of his civil rights,
10  2) reduce the sanction amount to $1,000, and 3) remove Appellee's
11  judgment lien against his property.  The district court dismissed
12  the complaint.

13      Following the dismissal of the federal action, Appellee
14  levied on Debtor's non-exempt real property located at 426 Idora
15  Avenue, Vallejo, California, and obtained an assignment order for
16  rents under C.C.P. § 708.510.

17  B.   The Bankruptcy

18      In November 2005, less than a month after Appellee began to
19  levy on his property, Debtor filed a chapter 13 petition.
20  Thereafter, he filed his proposed chapter 13 plan, which provided
21  for payments of $50 per month to Appellee for three years.

22      Believing Debtor had filed for bankruptcy in bad faith,
23  Appellee filed a motion to dismiss the case pursuant to § 1307(c)
24  (the "dismissal motion") and objected to confirmation of the plan

25
26

27      [7] Carrillo had not been declared a vexatious litigant when
    the various lawsuits and motions were filed.  Thus, the state
28  court only entered sanctions against Debtor.

4

EXHIBIT _B_

PAGE _4_ OF _11_

1   under § 1324.[8]  Appellee complained that Debtor had filed for the

2   sole purpose of interfering with Appellee's collection efforts.

3   Further, according to Debtor's schedules and statement of

4   affairs, he had approximately $500,000 in non-exempt assets

5   (consisting primarily of equity held in two pieces of real

6   property) that could be used to pay Appellee's judgment.

7   Finally, Debtor had not identified any other claim on his

8   petition that would justify the need for bankruptcy relief.

9   Based on Debtor's solvency, ability to pay his creditors by

10  simply refinancing one of his properties, and his improper

11  purpose for filing, Appellee urged the court to dismiss the case.

12      Debtor responded that it was Appellee who was acting in bad

13  faith by trying to collect on a judgment Debtor believed violated

14  his constitutional rights and by failing to inform the court that

15  Appellee owed Debtor nearly $20,000 for reimbursement of property

16  taxes.  Debtor also urged the bankruptcy court to defer any

17  ruling on Appellee's request until the Ninth Circuit Court of

18  Appeals renders its decision in <u>Wolfe v. George</u>, No. 05-16674

19  (9th Cir. filed Sept. 1, 2005), a case concerning the

20  constitutionality of the sanctions provision of the California

21  vexatious litigant statute.  According to Debtor, a favorable

22  decision in <u>Wolfe</u> would render Appellee's judgment against him

23  unconstitutional.  Therefore, Debtor suggested that the

24  bankruptcy court direct Appellee to accept the monthly $50 plan

25  _____

26      [8] In the motion, Appellee objected to the confirmation of
    the proposed chapter 13 plan on the basis that 1) Debtor's
    petition did not evidence any disposable income that could be
27  used to make the monthly payments provided for under the plan;
    and 2) Debtor had not proposed the plan in good faith in light of
28  the equity he held in his real property which be could use to pay
    Appellee's secured claim in full.

5

EXHIBIT _____B_____

PAGE _5_ OF _11_

1   payments until the Ninth Circuit rules in <u>Wolfe</u>[9] or, in the
2   alternative, until he runs out of further avenues to attack the
3   validity of Appellee's judgment.  He also maintained that the
4   bankruptcy filing had been filed in good faith for the proper
5   purpose of providing him with immediate relief from the pressure
6   occasioned by Appellee's attempt to levy on what Debtor
7   considered a non-final judgment.

8        The dismissal motion was heard on March 15, 2006.  In its
9   oral ruling, the bankruptcy court agreed with Appellee that
10  Debtor had filed his petition in bad faith and had abused the
11  bankruptcy system by 1) filing for the improper purpose of
12  frustrating Appellee's collection efforts; and 2) failing to
13  disclose assets on his schedules and to the chapter 13 trustee.
14  The court recognized that Appellee held a final state court
15  judgment against Debtor, and that Debtor could not use the
16  bankruptcy process to thwart Appellee's relatively modest
17  judgment when he had assets worth hundreds of thousands of
18  dollars to pay it.  Taking into account Debtor's financial
19  situation, the amount Appellee was owed, and the minimal affect
20  payment of Appellee's judgment would have on other creditors, the
21  court found dismissal to be warranted.

22       Debtor appeals.

23                      II.  JURISDICTION

24       The bankruptcy court had jurisdiction under 28 U.S.C. § 1334
25  and §§ 157(b)(1), (b)(2)(A), and (2)(B).  We have jurisdiction
26  under 28 U.S.C. §§ 158(b)(1) and (c)(1).

27  _____

28       [9] As of this date, the Ninth Circuit has not issued a
    decision in <u>Wolfe</u>.

                              6

EXHIBIT ___B___

PAGE _6_ OF _11_

### III.  ISSUE[10]

Whether the bankruptcy court abused its discretion in dismissing the bankruptcy based on a finding of bad faith.

### IV.  STANDARD OF REVIEW

We review for clear error a bankruptcy court's finding of bad faith.  Eisen v. Curry (In re Eisen), 14 F.3d 469, 470 (9th Cir. 1993).  "However, dismissal of a bankruptcy case for lack of good faith is a matter in the sound discretion of the bankruptcy court and is reviewed for an abuse of discretion."  Greatwood v. I.R.S. (In re Greatwood), 194 B.R. 637, 639 (9th Cir. BAP 1996).

### V.  DISCUSSION

Debtor complains that the bankruptcy court abused its discretion in dismissing his bankruptcy because he was 1) willing to amend his schedules to include the undisclosed assets; and 2) entitled to a judicial determination as to the dischargeability of Appellee's debt pursuant to § 523(a)(6) and as to Appellee's liability to Debtor.

Section 1307(c) authorizes the bankruptcy court to dismiss a case for cause.  Although not specifically listed as one of the enumerated circumstances, bad faith may constitute "cause" for dismissal.  Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1224 (9th Cir. 1999).  In determining whether a chapter 13 debtor

---

[10] Debtor requests that the panel decide issues which go beyond the scope of this appeal, i.e., his right to a jury trial to determine the liability of Debtor and Appellee and the validity of Appellee's state court judgment.  Because our jurisdiction is limited to issues concerning the dismissal order, we decline to consider any issue not related thereto.  See Kalt v. Hunter (In re Hunter), 66 F.3d 1002, 1005 (9th Cir. 1995)("Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."); Birting Fisheries, Inc. v. Huse-Sporsem (In re Birting Fisheries, Inc.), 300 B.R. 489, 504 n.15 (9th Cir. BAP 2003).

7

EXHIBIT _B_

PAGE _7_ OF _11_

1  filed his or her petition in bad faith, a court must apply a

2  totality of the circumstances test, taking into account the

3  following factors:

> (1) whether the debtor "misrepresented facts in his
> [petition or] plan, unfairly manipulated the Bankruptcy
> Code, or otherwise [filed] his Chapter 13 [petition or]
> plan in an inequitable manner,"
>
> (2) "the debtor's history of filings and dismissals,"
>
> (3) whether "the debtor only intended to defeat state
> court litigation," and
>
> (4) whether egregious behavior is present.

10  Id. at 1224 (citations omitted).  Fraudulent intent by the debtor

11  is not required for a finding of bad faith.  Id.

12      We are not persuaded that the bankruptcy court committed a

13  clear error of judgment in finding that Debtor had filed his

14  petition in bad faith.  In making the bad faith determination,

15  the court specifically articulated three different bases for its

16  findings: 1) by his own admission, Debtor filed the petition for

17  the purpose of preventing Appellee from enforcing the state court

18  judgment; 2) Debtor failed properly to disclose all of his assets

19  in his schedules; and 3) Debtor failed to disclose all of his

20  assets, including details concerning substantial assets he owned

21  in Mexico, to the chapter 13 trustee. In addition, the court

22  found that Debtor had a net worth of hundreds of thousands of

23  dollars that could be used to satisfy Appellee's judgment.

24      The findings of the bankruptcy court are amply supported by

25  the record.  First, Debtor admitted in his opposition to the

26  dismissal motion that he filed the bankruptcy case in order to

27  stall Appellee's collection efforts.  Second, a review of

28  Debtor's schedules confirm that he failed to list any of his real

EXHIBIT ___B___

PAGE __8__ OF _11_

1  property in Mexico and that he listed several assets as

2  "Irrelevant to Creditors."  Third, there is no dispute that

3  Debtor's equity in real property exceeded $600,000 at the time of

4  the filing.

5      Notably, even if Debtor had been allowed to amend his

6  schedules to include the missing information, his purpose for

7  filing for chapter 13 relief still "violate[s] the spirit of the

8  chapter."  <u>Chinichian v. Campolongo (In re Chinichian)</u>, 784 F.2d

9  1440, 1445 (9th Cir. 1986).  Debtor in this case does not

10  represent "the poor, the oppressed and the unfortunate seeking a

11  fresh start."  <u>Id.</u>  He admits to be "sitting down in a sea of

12  money" and that a liquidation of one of his properties would

13  cover payment of Appellee's judgment.  In addition, there is no

14  indication that he is having difficulty in meeting any of his

15  financial obligations.  Instead, Debtor's sole purpose in filing

16  his chapter 13 case was to defeat Appellee's execution of the

17  judgment.

18      While we recognize the apparent sincerity of Debtor's belief

19  that the sanctions judgment is unconstitutional, as well as his

20  frustration in not being able to collect the amount he claims to

21  be owed by Appellee for reimbursement of property taxes, the

22  circumstances of this case nevertheless fully support the factual

23  findings of the bankruptcy court.  Consequently, the bankruptcy

24  court did not abuse its discretion in dismissing Debtor's

25  bankruptcy for cause based on bad faith.

26                          VI.   CONCLUSION

27      For the foregoing reasons, we AFFIRM the order entered by

28  the bankruptcy court dismissing Debtor's bankruptcy case.

EXHIBIT ___B___

PAGE _9_ OF _11_

U.S. Bankruptcy Appellate Panel
of the Ninth Circuit
125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California  (626) 229-7220
Appeals from all other Districts (626) 229-7225

NOTICE OF ENTRY OF JUDGMENT

BAP No. NC-06-1150-SPaBu

RE:  RODOLFO VELASQUEZ

A separate Judgment was entered in this case on _____10/25/06_____.

BILL OF COSTS:

Bankruptcy Rule 8014 provides that costs on appeal shall be taxed by the
Clerk of the Bankruptcy Court.  Cost bills should be filed with the Clerk
of the Bankruptcy Court from which the appeal was taken.
9th Cir. BAP Rule 8014-1

ISSUANCE OF THE MANDATE:

The mandate, a certified copy of the judgment sent to the Clerk of
the Bankruptcy Court from which the appeal was taken, will be issued
7 days after the expiration of the time for filing a petition for
rehearing unless such a petition is filed or the time is shortened or
enlarged by order.  See Federal Rule of Appellate Procedure 41.

APPEAL TO COURT OF APPEALS:

An appeal to the Ninth Circuit Court of Appeals is initiated by
filing a notice of appeal with the Clerk of this Panel.  The Notice
of Appeal should be accompanied by payment of the $455 filing fee
(effective November 1, 2003) and a copy of the order or decision on
appeal. Checks may be made payable to the U.S. Court of Appeals for
the Ninth Circuit.  See Federal Rules of Appellate Procedure 6 and the
corresponding Rules of the United States Court of Appeals for the Ninth
Circuit for specific time requirements.

EXHIBIT ___B___

PAGE _10_ OF _11_

CERTIFICATE OF MAILING
---------------------------------
    The undersigned, deputy clerk of the U.S. Bankruptcy
Appellate Panel of the Ninth Circuit, hereby certifies that a copy
of the document on which this certificate appears was mailed this date
to all parties of record to this appeal.

            By: Edwina Clay

            Deputy Clerk: October 25, 2006

EXHIBIT _____B_____

PAGE __11__ OF __11__

**EXHIBIT C**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

R E C E I V E D
Harold S. Marenus, Clerk
U.S. BKCY.APP.PANEL
OF THE NINTH CIRCUIT

MAR 1 4 2007

FILED _____
DOCKETED 3/26  05
              DATE      INITIAL

In re: RODOLFO VELASQUEZ,

     Debtor,

--------------------------

RODOLFO VELASQUEZ,

     Appellant,

   V.

DAVID BURCHARD, Chapter 13
Trustee; et al.,

     Appellees.

No.  06-17203
BAP No. NC-06-01150-SPaBu

ORDER

F I L E D

MAR 9 – 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

A review of the file in this case reveals that the appellant has failed to perfect the appeal as prescribed by the Federal Rules of Appellate Procedure.

Pursuant to Ninth Circuit Rule 42-1, this appeal is dismissed for failure to file the opening brief on appeal in this case.

A certified copy of this order sent to the Bankruptcy Appellate Panel shall act as and for the mandate of this court.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAR – 9 2007

by _____
Deputy Clerk

FOR THE COURT:

Cathy A. Catterson
Clerk of Court

EXHIBIT _____ C _____

PAGE _1_ OF _1_

Deputy Clerk

## PROOF OF SERVICE
C.C.P. §1013(a), C.R.C. 2003(3), 2005(i)

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 535 Anton Boulevard, Tenth Floor, Costa Mesa, California 92626-1977.

On May 2, 2008, I served the foregoing document described as **REPLY TO OPPOSITION TO MOTION TO DISMISS** on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

X    **BY REGULAR MAIL:** I deposited such envelope in the mail at 535 Anton Boulevard, Costa Mesa, California 92626. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☐    **BY OVERNIGHT MAIL:** By depositing copies of the above document(s) in a box or other facility regularly maintained by FEDERAL EXPRESS, in an envelope or package designed by FEDERAL EXPRESS with delivery fees paid or provided for and sent to the person(s) named on the attached service list [C.C.P.§1013, 2015.5].

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 2, 2008, at Costa Mesa, California.

Jamie Wood

151.0120  353384.1

## SERVICE LIST

| Counsel of Record | Phone/Fax Nos. | Party |
| --- | --- | --- |
| Rudy Velasquez<br>58 Lobos Street<br>San Francisco, CA  94772 | (415) 239-4539<br>(415) 504-4051 | Plaintiff In Pro Per |