IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY VELASQUEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>CHRYSLER FINANCIAL CORPORATION,<br><br>    Defendant | No. C-08-1212 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND; VACATING HEARING** |

Before the Court is defendant's "Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted," filed April 4, 2008. Plaintiff, proceeding pro se, has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision on the parties' submissions, VACATES the hearing scheduled for May 23, 2008, and rules as follows.

**BACKGROUND**

In his complaint, plaintiff alleges five causes of action, each based on his allegation that defendant, on December 18, 2007, "erroneously took [p]laintiff's 2004 PT Cruiser car without his permission and without a good reason." (See Compl. ¶ 2.)

Plaintiff alleges defendant is the "financer" of plaintiff's vehicle. (See Compl. ¶ 7.) Plaintiff also alleges that although he "at all times complied with his obligations [to make

1  monthly] payments," (see Compl. ¶ 150), some payments he mailed were "return[ed] to
2  sender" because defendant changed its address and did not inform plaintiff, (see Compl.
3  ¶ 16.)  On December 17, 2008, defendant, according to plaintiff, "recognized its fault" and
4  agreed to accept from plaintiff a payment corresponding to the amounts returned to
5  plaintiff, but instead, on the next day, "removed [p]laintiff's car from his driveway,"
6  subsequently sold the vehicle, and refused to return to plaintiff the personal property in the
7  vehicle, including a "handicapped placard" and "handicapped driving adjustment
8  equipment."[1]  (See Compl. ¶¶ 17, 18, 34.)
9        Based on said allegations, plaintiff asserts five causes of action, titled, respectively,
10 "breach of contract," "discrimination," "misrepresentation and deceive," "damage," and
11 "illegal enrichment on plaintiff's expense," and, in an introductory paragraph, cites to the
12 "Federal Fair Lending Act" and Americans with Disabilities Act ("ADA").  (See Compl. at
13 5:8-9.)

**DISCUSSION**

15       Plaintiff, in his complaint, asserts the Court has jurisdiction over the instant action
16 because he has alleged a federal claim or claims.  In the instant motion, defendant argues
17 that plaintiff fails to state a claim under the above-referenced federal statutes.  In his
18 opposition, plaintiff does not respond, in any respect, to defendant's argument.
19 Nonetheless, given plaintiff's pro se status, the Court has considered whether plaintiff's
20 claims implicate the federal laws referenced in the complaint.
21       As defendant points out, there is no "Federal Fair Lending Act."  Further, plaintiff
22 cites no authority, and the Court has located none, that might suggest any other federal
23 law is pertinent to the instant dispute, specifically, a dispute between parties to a contract
24 for the financing of a vehicle.  Cf., e.g., Juarez v. Arcadia Financial Ltd., 152 Cal. App. 4th
25 889 (2007) (resolving, under state law, claim that automotive financing company
26 repossessed vehicle and failed to provide accurate information about financing

---

28      [1]Plaintiff states he is an "individual with severe disabilities on his locomotive lower body aiding himself with crutches to ambulate."  (See Compl. ¶ 1.)

agreement). Accordingly, the Court finds plaintiff has failed to state a claim under the "Federal Fair Lending Act."

Plaintiff's citation to the ADA likewise is unavailing. The ADA prohibits discrimination against disabled persons by employers, see 42 U.S.C. § 12112, by governmental entities, see 42 U.S.C. § 12132, and by private parties who own, lease or operate a "place of public accommodation," see 42 U.S.C. § 12182. Plaintiff does not allege discrimination by an employer or a governmental entity, and his allegations do not implicate discrimination in connection with a place of public accommodation. Accordingly, the Court finds plaintiff has failed to state a claim under the ADA.

In his opposition, plaintiff requests leave to amend to allege another basis for federal jurisdiction. Specifically, plaintiff relies on 28 U.S.C. § 1334(a), which provides that district courts have jurisdiction over claims arising under the Bankruptcy Code. See 28 U.S.C. § 1334(a). Plaintiff states that in 2005 he filed a petition for bankruptcy protection, in which proceeding defendant was an identified creditor, and that the bankruptcy court dismissed the petition in 2006, from which dismissal plaintiff has a pending appeal. Plaintiff contends the automatic stay of proceedings against him under 11 U.S.C. § 362 remains in effect during the pendency of his appeal, and, consequently, defendant's alleged refusal to return personal property contained in the vehicle constitutes a violation of the automatic stay provision set forth in § 362.

The Court declines to afford plaintiff leave to amend to allege a violation of 11 U.S.C. § 362, because such claim would be futile. As discussed above, plaintiff's petition was dismissed in 2006 and the conduct challenged herein occurred the following year. Contrary to plaintiff's argument, an automatic stay does not remain in effect by reason of an appeal from a dismissal of a petition for bankruptcy protection; rather, the automatic stay "continues" only until such petition is "dismissed." See 15 U.S.C. § 362(c)(2)(B).

In sum, plaintiff has failed to state a federal claim and has identified no basis for a district court to exercise jurisdiction over his state law claims. Accordingly, defendant's motion to dismiss will be granted.

**CONCLUSION**

For the reasons stated above, defendant's motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED without leave to amend and without prejudice to plaintiff's refiling his claims in state court.

**IT IS SO ORDERED.**

Dated: May 19, 2008

MAXINE M. CHESNEY
United States District Judge